**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAIGE McEWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. |
| vs. ) | |
| ) | |
| WAUKEGAN POLICE OFFICER ROLANDO ) | |
| VILLAFUERTE; WAUKEGAN POLICE ) | |
| OFFICER JOSEPH BAYSINGER; Individually ) | |
| and as Employees/Agents of the City of Waukegan; ) | |
| and the CITY OF WAUKEGAN, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, PAIGE McEWAN, by and through her attorneys, LAW OFFICES OF JEFFREY J. NESLUND, and complains of the DEFENDANTS, WAUKEGAN POLICE OFFICER ROLANDO VILLAFUERTE; WAUKEAN POLICE OFFICER JOSEPH BAYSINGER, Individually and as Employees/Agents of the City of Waukegan (hereinafter "DEFENDANT OFFICERS"); and THE CITY OF WAUKEGAN, as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. **§** 1983 for the deprivation of PLAINTIFF, PAIGE McEWAN'S, constitutional rights and State Law claims. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331, 1343 and 1367.

3. Venue in this district is proper pursuant to 28 U.S.C sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois. Further,

the PLAINTIFF and DEFENDANTS reside within this judicial district and DEFENDANT CITY OF WAUKEGAN is a municipal corporation located within this district.

4. The DEFENDANT OFFICERS were at all times material hereto, duly appointed Waukegan Police Officers employed by the City of Waukegan acting in the capacity of sworn law enforcement officials.

**FACTUAL SUMMARY**

5. On February 3, 2019, at approximately 2:34 p.m., DEFENDANT OFFICERS VILLAFUERTO and BAYSINGER were dispatched to a domestic incident at a residential home located at 3508 Winhaven Drive in Waukegan.

6. The DEFENDANT OFFICERS were advised that no weapons were involved in this domestic incident.

7. At the time the DEFENDANT OFFICERS arrived at the location, the PLAINTIFF and her boyfriend, Asuncion Gomez-Guerrero, were seated in a Honda Civic parked in front of the residence.

8. DEFENDANT OFFICER VILLAFUERTE approached the front of the Honda Civic with his handgun out pointed at PLAINTIFF and Mr. Gomez-Guerrero.

9. As DEFENDANT OFFICER VILLAFUERTE approached the vehicle, Mr. Gomez-Guerrero slowly moved the car into reverse.

10. As Mr. Gomez-Guerrero started to slowly move the car forward, DEFENDANT OFFICER VILLAFUERTE stepped in front of the vehicle, placing his left hand on the hood of the car, yelled "Mother Fucker" and discharged multiple shots through the front windshield.

11. Shots fired by DEFENDANT OFFICER VILLAFUERTE struck and killed Mr. Gomez-Guerrero, who collapsed in the vehicle causing the car to crash into a pole at approximately 3415 Windhaven Drive in Waukegan.

12. DEFENDANT OFFICER BAYSINGER jumped back into his squad car and drove down the block to the scene of the crash.

13. DEFENDANT OFFICER BAYSINGER immediately placed the PLAINTIFF into handcuffs as she was screaming hysterically that her boyfriend was dying.

14. The DEFENDANT OFFICERS knew the PLAINTIFF was in need of immediately medical attention, having just witnesses the traumatic police shooting of her boyfriend and having been involved in the vehicle crash.

15. The PLAINTIFF was crying hysterically, screaming that the police had killed her boyfriend and needed an ambulance.

16. Rather than call an ambulance for the PLAINTIFF or transport her to the hospital, the DEFENDANT OFFICERS had PLAINTIFF taken back to the Waukegan Police Station where she was interrogated despite her need for obvious medical attention.

17. The PLAINTIFF was eventually transported to Vista Medical Center East in Waukegan where she was admitted and treated for her physical injuries as well as her post traumatic stress disorder for having witnessed the fatal shooting of Mr. Gomez-Guerrero.

## COUNT I
## 42 U.S.C. § 1983: Excessive Force
(*Defendant Officer Villafuerte*)

18. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

19. The acts of the DEFENDANT OFFICER VILLAFUERTE were a deliberate and malicious deprivation of the PLAINTIFF PAIGE McEWAN'S constitutional rights against excessive force as guaranteed to the PLAINTIFF by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

20. As a result of the unreasonable and unjustifiable excessive force used by the DEFENDANT OFFICER VILLAFUERTE, PLAINTIFF PAIGE McEWAN suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. §1983.

## COUNT II
### Intentional Infliction of Emotion Distress
*(Defendant Officer Villafuerte)*

21. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

22. The acts and conduct of DEFENDANT OFFICER VILLAFUERTE as set forth above were extreme and outrageous.

23. DEFENDANT OFFICER VILLAFUERTE intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to PLAINTIFF, PAIGE McEWAN.

24. DEFENDANT OFFICER VILLAFUERTE'S actions and conduct did directly and proximately cause a severe emotional distress to the PLAINTIFF, and thereby constituted intentional infliction of emotional distress upon the PLAINTIFF.

25. The misconduct described in this Count was undertaken by DEFENDANT OFFICER VILLAFUERTE within the scope of his employment such that his employer, CITY OF WAUKEGAN, is liable for his actions under the doctrine of *respondeat superior*.

## COUNT III
### Failure To Provide Medical Attention
*(Defendant Officers Villafuerte and Baysinger)*

26. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

27. After DEFENDANT OFFICER VILLAFUERTE shot Mr. Gomez-Guerrero multiple times, the vehicle that Mr. Gomez-Guerrero and PLAINTIFF were in crashed into a pole. DEFENDANT OFFICERS VILLAFUERTE and BAYSINGER arrived at the scene of the crash and saw that PLAINTIFF had blood on her, was crying and screaming and was in need of medical assistance.

28. The DEFENDANTS were deliberately indifferent to the PLAINTIFF's serious medical needs and failed to provide her medical assistance.

29. The DEFENDANTS' deliberate indifference caused physical harm to the PLAINTIFF, including physical pain and suffering.

30. The misconduct described in this Count was undertaken by the DEFENDANTS under the color of law and within the scope of their employment such that their employer, the City of Waukegan, is liable for their actions.

## COUNT IV
### *Monell* Claim
*(Defendant City of Waukegan)*

31. Plaintiffs reallege paragraphs 1 through 17, as if fully set forth at this point.

32. The Waukegan Police Department (the "Department") is a subsidiary division of defendant, the CITY OF WAUKEGAN. The City maintains and exercises control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendant VILLAFUERTE, and his supervisors.

33. The Defendant CITY, through its subsidiary the Waukegan Police Department, has established certain policies and procedures which were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Waukegan Police Department, and were thereby ratified by the CITY OF WAUKEGAN.

34. The failure or refusal of the Waukegan Police Department to properly and legitimately train Waukegan Police Officers to have tactical and situational awareness in the use of deadly force, and the resulting failure of the Waukegan Police Department to properly discipline its officers for the illegal use of excessive force, is the proximate cause of frequent injuries to and the death of civilian citizens.

35. The failure and/or refusal by the CITY, through the Department, to properly train Waukegan Police Officers, including, Defendant VILLAFUERTE, to have proper tactical and situational awareness in approaching a moving vehicle resulted in the illegal use of deadly force in what was a misdemeanor domestic situation.

36. The failure and/or refusal by the CITY, through the Department, to properly train Waukegan Police Officers to have proper tactical and situational awareness in the use of deadly force, signals a tolerance by the CITY of the improper use of deadly force by Waukegan Police Officers, and constitutes a deliberate indifference by the CITY to such conduct.

37. By its polices of non-feasance and deliberate indifference in the aforementioned areas, the CITY, through the Waukegan Police Department, let it be known to its supervisors and officers, such as Defendant Officer VILLAFUERTE, that the CITY condoned, ratified and, by virtue thereof encouraged, the unwarranted and illegal use of deadly force by officers.

38. The failure and refusal by the CITY, through the Department, to investigate the use of deadly force by sworn Waukegan Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of the use of such force by civilians, creates unwarranted and illegal favored treatment for a class of citizens, Waukegan Police Officers, as compared with the treatment afforded civilian citizens.

39. The acts and omissions of the defendant THE CITY OF WAUKEGAN, through the policies and procedures implemented by the Waukegan Police Department, were a deliberate and malicious deprivation of plaintiff PAIGE McEWAN'S Constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

40. As a direct and proximate cause of the wrongful acts of defendant THE CITY OF WAUKEGAN, plaintiff, PAIGE McEWAN, suffered great emotional and physical injuries.

WHEREFORE Plaintiff, PAIGE McEWAN, ask judgment against defendant THE CITY OF WAUKEGAN and for an award of compensatory damages in a sum sufficient to compensate the plaintiff for the injuries he sustained; together with an award of reasonable attorney's fees and the cost of this action, and such other equitable relief as this Honorable Court deems necessary and just.

### COUNT V
### Indemnification
*(Defendant City of Waukegan)*

41. PLAINTIFF re-alleges and incorporates paragraphs 1-17 above as fully stated herein.

42. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

43. The DEFENDANT OFFICERS acted within the scope of their employment in committing the misconduct described herein. Therefore, DEFENDANT CITY OF WAUKEGAN is liable as their employer for any resulting damages or award of attorney's fees.

## REQUEST FOR RELIEF

44. PLAINTIFF, PAIGE McEWAN, respectfully requests that the Court:

    a. Enter a judgment in her favor and against all DEFENDANTS;

    b. Award compensatory damages and costs against all DEFENDANTS;

    c. Award attorney's fees against all DEFENDANTS;

    d. Award punitive damages against all individual DEFENDANTS; and

    e. Grant any other relief this Court deems just and appropriate.

## JURY DEMAND

45. PLAINTIFF, PAIGE McEWAN demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

    Respectfully submitted,

    /s/ Jeffrey J. Neslund
    Attorney for Plaintiff

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive, Suite 3710
Chicago, IL 60606
(312) 223-1100