IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAIGE McEWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.    20 CV 00722 |
| vs. | ) | |
| | ) | Judge Pacold |
| WAUKEGAN POLICE OFFICER ROLANDO | ) | |
| VILLAFUERTE; WAUKEGAN POLICE | ) | Mag. Judge Harjani |
| OFFICER JOSEPH BAYSINGER; Individually | ) | |
| and as Employees/Agents of the City of Waukegan; | ) | |
| and the CITY OF WAUKEGAN, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL**

NOW COMES the PLAINTIFF, PAIGE MEWAN, by and through her attorneys, LAW OFFICES OF JEFFREY J. NESLUND, hereby moves for an Order from this Court compelling Defendant Officer Villafuerte to respond to written discovery requests regarding his Fitness for Duty Evaluations. In support of her Motion to Compel, Plaintiff states as follows:

**Introduction**

This case involves a fatal police shooting on February 3, 2019 by Defendant Waukegan Police Officer Villafuerte. At his deposition on December 17th, 2020, Defendant Villafuerte testified that he attended counseling sessions mandated by the Waukegan Police Department's procedures and has not been cleared for duty since the fatal shooting. Defendant Villafuerte testified that although he has not returned to active duty, he is still collecting paychecks from Defendant City of Waukegan (hereinafter referred to as "City") and, further, was informed by supervisors to seek a disability pension resulting from his fitness for duty evaluations.

1

Plaintiff has requested records regarding Defendant Villafuerte's Fitness for Duty Evaluation. The Defendant City has objected to such production and invoked the psychotherapist-patient privilege under the Illinois Mental Health Developmental Disabilities Confidentiality Act (hereinafter "MHDDCA"), *740 ILCS 110/1 et. seq*. (See Ex. A). The parties have been unable to resolve this discovery dispute. Plaintiff, therefore, seeks the Court's involvement to obtain responses to this relevant discovery.

## Legal Standard

It is well established that courts should permit "discovery regarding any non-privileged matter that is relevant to *any* party's claim or defense." Fed.R.Civ.P. 26(b)(1)(emphasis added); Wright & Miller, Federal Practice and Procedure § 2008 ("[t]he present standard—"relevant to the claim or defense of any party"—is still a very broad one."). Relevant information sought to be discovered need not be admissible at trial, *Craig v. City of Chicago*, No. 08 C 2275, 2010 WL 529447, at *1–2 (N.D. Ill. Feb. 8, 2010); rather, it is enough that "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Rubin v. Islamic Republic of Iran,* 349 F.Supp.2d 1108, 1111 (N.D. Ill. 2004). Relevance, particularly in the discovery phase, is a low bar to meet. *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 1429521, at *3–7 (N.D. Ill. Mar. 18, 2020). The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citation omitted).

## Argument

**Defendant Villafurte's Fitness for Duty Evaluations are relevant, discoverable and covered by a Protective Order**

At the outset, Plaintiff's discovery requests of any mental health or medical-related issues are not red-flags automatically precluded by state or federal privacy laws or legal privileges. This

2

issue has already been addressed by courts in the Northern District and the law is clear that the MHDDCA does not apply in the context of this federal discovery dispute. See *Ligas v. Maram*, 2007 WL 2316940 at *6 (N.D. Ill. Aug. 10, 2007) (state privacy and privilege laws such as the MHDDCA does not apply to in federal suit). Nonetheless, Defendant makes a broad objection to Plaintiff's discovery requests on the basis of confidentiality and by invoking the MHDDCA. Defendant Villafuerte's objections are without merit as the records requested are covered by the Confidentiality Order entered in this case and maybe relevant to Defendant Villafuerte's motive, intent and state of mind at the time of the shooting. The Defendant's fitness for duty evaluations may also contain evidence for impeachment as well as punitive damages.

First, Defendant's objection to Plaintiff's discovery request on the basis of confidentially is overly broad and misleading. HIPAA. 45 C.F.R. 160 *et seq.*, does not preclude a civil litigant from obtaining medical or mental health-related documents during discovery; rather, it creates a procedure for doing so. See *Northwestern Memorial Hosp. v. Ashcroft*, 362 F. 3d 923, 926 (7th Cir. 2004) ("All that [HIPAA] should be understood to do, therefore, is to create a procedure for obtaining authority to use medical records in litigation.") (emphasis added); *Ligas v. Maram*, 05 C 4331, 2007 WL 2316940 at *6 (N.D. Ill. Aug. 10, 2007) ("As stated in *Northwestern*, HIPAA is satisfied and discovery should be produced where the party seeking the information […] makes a "reasonable effort" to secure a qualified protective order, that is, an order that prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation."). Here, the Court has already entered a Confidentiality Order controlling this case. *See* Dkt.# 34. Plaintiff agrees that any medical-related documents obtained from these discovery requests will be held pursuant to the Court's Confidentiality Order.

Second, federal common law, which governs the federal discovery dispute at issue in the present case, does not recognize a privilege between patients and physicians, which Defendant Villafuerte has raised in his objections to Plaintiff's production request. See *Gomes v. Lake Cnty., Ill.*, 12 C 4439, 2013 WL 2156042 (N.D. Ill. May 15, 2013) (citing *Memorial Hosp. for McHenry County v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1981) ("Federal common law governs the applicability of privilege in cases based upon a federal cause of action even when the complaint also alleges a pendent state law claim."); see also *United States v. Bek*, 493 F.3d 790, 801–802 (citing *Northwestern Memorial Hosp. v. Ashcroft, 362 F. 3d 923, 926 (7th Cir. 2004)* ("[T]he evidentiary privileges that are applicable to federal-question suits are given not by state law but by federal law, Fed.R.Evid. 501, which does not recognize a physician-patient (or hospital-patient) privileges.")).

Third, state law does not apply to federal discovery disputes. See *Ligas v. Maram*, 2007 WL 2316940 at *6 (N.D. Ill. Aug. 10, 2007) ("The Court believes that the MHDDCA does not apply to the present situation. Federal Rule of Evidence 501 and *Northwestern* govern this situation, and *Northwestern* clearly states that, in a federal question suit such as this one, state privacy and privilege laws do not apply, regardless of whether the state law might be more restrictive than the applicable federal rule."). Furthermore, the information sought to be disclosed in the mental health records is relevant, probative, and not unduly prejudicial. The disclosure is more important to the interests of substantial justice than protection from injury to the therapist-patient relationship. Likewise, such information is discoverable and not privileged. (See *D.C. v. S.A.*, 687 N.E.2d 1032 (Ill. 1997)

Even if a doctor-patient privilege applied to this discovery dispute, Defendant Villafuerte has waived any such privilege based on his earlier testimony and his reporting requirements about

4

his condition to his employer, the Defendant City, the Waukegan Police Department and the Waukegan Police Pension Board. Plaintiff was unaware that Defendant Villafuerte specifically claimed a mental health diagnosis relating to the events at issue in this lawsuit for a pension disability until this information was discovered during his deposition. Questions about Villafuerte's mandatory post shooting counseling sessions and fitness for duty evaluations were responded to without objection by defense counsel, however, counsel has objected to producing records related to these same evaluations. Nevertheless, as part of the procedures for claiming disability, Defendant Villafuerte is required to support his claims with such evidence, thus waiving any privilege that may arguably exist.

Therefore, the only issue for the Court to address in this discovery dispute is whether the discovery sought by Plaintiff is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. Pro. 26(b)(1). Here, the relevance of Plaintiff's discovery should not be undermined: Defendant Villafuerte's mental health was so affected by the shooting that he could no longer perform the duties of a police officer. As a result, Defendant Villafuerte has not returned to active duty and is claiming a mental health disability The Defendant City will determine if Villafuerte is entitled to a disability pension.

Plaintiff must be permitted to inquire as to the recommendations the Waukegan Police Department have made regarding Defendant Villafuerte's fitness for duty, and the true reasons why Defendant Villafuerte was removed from active duty. Discovery into these topics is likely to test the veracity of those involved, may provide impeachment evidence, and may likely lead to the discovery of evidence admissible to Plaintiff's *Monell* claim against the Defendant City as well Plaintiff's excessive force and IIED claims.

**Conclusion**

WHEREFORE, Plaintiff respectfully requests an Order from this Court compelling Defendant Officer Villafuerte to respond to Plaintiff's Third Request for Production regarding Defendant Villafuerte's Fitness for Duty Evaluations.

Respectfully submitted,

/s/ Jeffrey J. Neslund
Jeffrey J. Neslund
Plaintiff's Attorney

JEFFREY J. NESLUND
Law Offices of Jeffrey J. Neslund
20 North Wacker Drive - Suite 3710
Chicago, Illinois 60606
(312) 223-1100