UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAIGE McEWAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 CV 722 |
| | ) | |
| vs. | ) | Honorable Martha M. Pacold |
| | ) | |
| WAUKEGAN POLICE OFFICER ROLANDO VILLAFUERTE; WAUKEGAN POLICE OFFICER JOSEPH BAYSINGER; Individually and as Employees/Agents of the City of Waukegan; and the CITY OF WAUKEGAN | ) ) ) ) ) ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF WAUKEGAN'S RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL**

NOW COMES Defendant, City of Waukegan, by and through its attorney, Michael D. Furlong of Furlong Law LLC, and for its response to Plaintiff's Motion to Compel, states as follows:

**Introduction**

Plaintiff's Motion to Compel seeks records from the Defendant City of Waukegan regarding the fitness for duty evaluation performed relative to Defendant Officer Rolando Villafuerte following the February 3, 2019 shooting that is the basis for Plaintiff's lawsuit. Waukegan objects to production of the requested materials pursuant to the confidentiality requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act at 740 ILCS 110/1 *et seq.* ("MHDDCA"). Federal courts are required to recognize state law privileges "where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Memorial Hosp. for McHenry Cnty. v. Shadur,* 664 F.2d 1058, 1061 (7th Cir. 1981). Here, the Court should weigh the need for the confidentiality of the mental health records, as expressed in the MHDDCA, against the lack of value of the requested materials to Plaintiff's case and deny Plaintiff's Motion to Compel.

1

**Argument**

<u>Summary of the Applicable Provisions of the MHDDCA</u>

The MHDDCA prohibits disclosure of records and communications related to the provision of mental health services as follows:

> All records and communications shall be confidential and shall not be disclosed except as provided in this Act. Unless otherwise expressly provided for in this Act, records and communications made or created in the course of providing mental health or developmental disabilities services shall be protected from disclosure regardless of whether the records and communications are made or created in the course of a therapeutic relationship. 740 ILCS 110/3(a).

The MHDDCA defines "[m]ental health or developmental disabilities services" as services that include, but are not limited to "examination, diagnosis, evaluation, treatment, training, pharmaceuticals, aftercare, habilitation or rehabilitation." 740 ILCS 110/2. A "record" covered by the MHDDCA is defined as "any record kept by a therapist or by an agency in the course of providing mental health or developmental disabilities service to a recipient concerning the recipient and the services provided." *Id.* A "communication" is defined under the MHDDCA as

> \*\*\* any communication made by a recipient or other person to a therapist or to or in the presence of other persons during or in connection with providing mental health or developmental disability services to a recipient. Communication includes information which indicates that a person is a recipient. \*\*\* 740 ILCS 110/2

A recipient of mental health services may consent to the inspection and copying of a record covered by the MHDDCA and may revoke that consent at any time. 740 ILCS 110/5(a) and (b). To the extent the recipient consents to disclosure of information subject to the MHDDCA to a person or agency, that person or agency may not redisclose the information unless the recipient consents to the redisclosure. 740 ILCS 110/5(d).

A recipient of mental health services may prevent the disclosure of the recipients' covered records and communications. 740 ILCS 110/10(a). Subject records and communications may be disclosed in a civil proceeding such as the instant case under the following circumstances:

> Records and communications may be disclosed in a civil, criminal or administrative proceeding in which the recipient introduces his mental condition or any aspect of his services received for such condition as an element of his claim or defense, if and only to the extent the court in which the proceedings have been brought, or, in the case of an administrative proceeding, the court to which an appeal or other action for review of an administrative determination may be taken, finds, after in camera examination of testimony or other evidence, that it is relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm. Except in a criminal proceeding in which the recipient, who is accused in that proceeding, raises the defense of insanity, no record or communication between a therapist and a recipient shall be deemed relevant for purposes of this subsection, except the fact of treatment, the cost of services and the ultimate diagnosis unless the party seeking disclosure of the communication clearly establishes in the trial court a compelling need for its production. *** 740 ILCS 110/10(a) (1)

Before disclosure of records and communications is made under 740 ILCS 110/10(a), any party to the proceeding or other interested party may request an in camera review of the records or communications to be disclosed. 740 ILCS 110/10(b). "The court or agency may prevent disclosure or limit disclosure to the extent that other admissible evidence is sufficient to establish the facts in issue." *Id.*

Agreements purporting to waive the applicability of the MHDDCA are void. 740 ILCS 110/14. Persons aggrieved by violations of the MHDDCA may sue for damages or other relief. 740 ILCS 110/15. A person who knowingly or willfully violates the MHDDCA is guilty of a Class A misdemeanor. 740 ILCS 110/16.

<u>The MHDDCA and Plaintiff's Third Request for Production of Documents to Waukegan</u>

Waukegan's objection to production in response to Plaintiff's Third Request for Production of Documents is grounded in the MHDDCA. Officer Villafuerte has not consented to Waukegan's redisclosure of records or communications subject to the MHDDCA to the Plaintiff. Thus, compliance with the MHDDCA at 740 ILCS 110/5(d) requires Waukegan to refuse to redisclose

3

any subject records to Plaintiff.

Disclosure of the subject records and communications is not permissible under 740 ILCS 110/10(a)(1) for the following reasons. First, Officer Villafuerte has not invoked Section 110/10(a)(1) because he has not introduced his mental condition as an element to a claim or defense. Assuming, *arguendo,* that Officer Villafuerte has introduced his mental condition as a claim or defense in this action, this Court has not conducted the in camera review required by 740 ILCS 110/10(a) to determine if the records sought are "relevant, probative, not unduly prejudicial or inflammatory, and otherwise clearly admissible; that other satisfactory evidence is demonstrably unsatisfactory as evidence of the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from injury to the therapist-recipient relationship or to the recipient or other whom disclosure is likely to harm."

Re-disclosure of records protected by the MHDDCA subjects a person who knowingly and willfully discloses the records to criminal liability. 740 ILCS 110/16. To the extent that the Court does not deny Plaintiff's motion on the briefing, Waukegan requests that the court conduct an in camera review of the records pursuant to 740 ILCS 110/10(b) before determining which documents, or portions of the documents, must be produced to Plaintiff.

<u>The MHDDCA and the Federal Psychotherapist-Patient Privilege set forth in *Jaffee v. Redmond*</u>

As explained by the Court in *Memorial Hosp. for McHenry Cnty.*, federal courts are required to recognize state law privileges "where this can be accomplished at no substantial cost to federal substantive and procedural policy." Here, the confidentiality of mental health treatment records is already established under the federal common law pursuant to *Jaffee v. Redmond,* 518 U.S. 1 (1996). Applying the MHDDCA to the records requested by Plaintiff would not conflict with federal substantive and procedural policy. The records requested by Plaintiff post-date the underlying incident and are of no value to the establishment of Plaintiff's claims. Conversely, requiring the City

4

to produce the records requested invades the privilege established by the Court in *Jaffe*.

## Conclusion

For all the foregoing reasons, Plaintiff's motion to compel the City of Waukegan to produce documents pursuant to her Third Request for the Production of Documents should be denied. In the alternative, the documents should be reviewed in camera by the Court before a determination is made about their discoverability.

                                                          Respectfully Submitted,
**FURLONG LAW LLC**

s/Michael D. Furlong
Attorney for City of Waukegan

Michael D. Furlong
Furlong Law LLC
1880 W. Winchester Rd., Suite 206
Libertyville, IL 60048
(847) 549-2240
mfurlong@furlongllc.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be filed foregoing document via the Court's CM/ECF system on January 27, 2021, which will cause the foregoing document to be served upon all parties who have filed their appearances in the above captioned matter.

s/ Michael D. Furlong
Michael D. Furlong
